IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LA SHAWN PETTUS-BROWN,

      Plaintiff,

  v.                                  Civil Action 2:18-cv-82
                                      Judge George C. Smith
                                      Magistrate Judge Jolson

ADULT PAROLE
AUTHORITY, et al,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff La Shawn R. Pettus-Brown, an inmate at the Chillicothe Correctional Institution proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, generally challenging the constitutionality of O.R.C. § 2967.28. (*See* Doc. 1-2). This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

    I.      **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

This matter is also before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (Doc. 1). Plaintiff's Motion is

**GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (Doc. 3).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

>    Prisoner Accounts Receivable
>    260 U.S. Courthouse
>    85 Marconi Boulevard
>    Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. *Relevant Standard*

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; ....

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,'

... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### B. Plaintiff's Complaint

In this case, Plaintiff alleges that he completed "the judicially imposed maximum three (3) years of confinement" for his conviction, but the Ohio Department of Rehabilitation and

Corrections ("ODRC") "is threatening, under the authority of O.R.C. § 2967.28, to impose a second prison term." (Doc. 1-1 at ¶ 7). Plaintiff sets forth the relevant facts as follows:

> In November 2013, Plaintiff Pettus-Brown was arrested on an alleged probation violation from a 2005 conviction in Hamilton County, on tampering with records, a felony of the third-degree; the trial court sentenced Pettus-Brown to the statutorily maximum period of three (3) years in prison. In March/April, 2016, while at Pickaway Correctional Institution and still appealing the conviction, Pettus-Brown received postal mail from the APA stating that Pettus-Brown was not subject to any period of post-release control. After completing the three (3) year prison sentence in November 2016, the APA personally attempted to have Pettus-Brown sign paperwork which would subject Pettus-Brown to the unconstitutional authority of the APA including its ability to impose a second/new prison term.

(*Id*. at ¶¶ 42–44) (footnote omitted). Plaintiff explains that he sent an e-mail to the Adult Parole Authority ("APA") "to question the constitutionality of its actions and specifically O.R.C. 2967.28; however the APA refused to address the matter, nor comment on its performance of unconstitutional functions, and maintained that [he] was still subject to [post-release control]." (*Id*. at ¶ 46). Plaintiff attaches that email exchange to his Complaint. (*See* Doc. 1-1, Ex. 3).

Plaintiff seeks an injunction preventing the APA from enforcing Ohio Revised Code § 2967.28(F)(3). That portion of Ohio's post-release control statute generally permits the parole board to hold a hearing on any alleged violation of a post-release control sanction or conditions of release. O.R.C. § 2967.28(F)(3). Following the hearing, if the board finds that the releasee violated the sanction or condition, it "may increase the duration of the releasee's post-release control up to the maximum duration authorized by division (B) or (C) of this section or impose a more restrictive post-release control sanction." *Id*. Plaintiff also seeks declaratory relief that O.R.C. § 2967.28(F)(3) unlawfully allows the APA to perform quasi-judicial functions in violation of his constitutional rights. (*Id*. at ¶ 50).

5

Specifically, Plaintiff alleges that O.R.C. § 2967.28 violates the constitutional prohibitions against bills of attainder (Count I), the double jeopardy clause (Count II), his due process rights (Count III), and the separation of powers doctrine (Count IV). Plaintiff names as Defendants the State of Ohio, the ODRC, the Adult Parole Authority, the Ohio Parole Board as Defendants. (*Id*. at ¶¶ 7–12).

*C. Discussion*

In this case, Plaintiff's Complaint fails to state a claim because he has sued Defendants incapable of being sued in federal court except in certain limited circumstances inapplicable here. That is, absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or its agencies in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Holson v. Good*, 579 F. App'x 363, 364 (6th Cir. 2014) (noting that the Eleventh Amendment bars "suits brought in federal court against a state and its agencies").

Based upon the foregoing, the State of Ohio may not be sued in this case. *Farkas v. Kasich*, No. 2:14-CV-1507, 2014 WL 4966021, at *2 (S.D. Ohio Oct. 3, 2014) ("The State of Ohio is immune under the Eleventh Amendment from suits against it.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989); *Foulks v. Ohio Dep't of Rehab. and Corr.*, 713 F.2d 1229, 1232 (6th Cir. 1993)). The ODRC is likewise immune from liability under the Eleventh Amendment. *Perdue v. Ohio Dep't of Rehab. and Corr.*, No. 2:16-cv-853, 2017 WL 4919223, at *1 (S.D. Ohio Oct. 30, 2017) ("Since the ODRC is a state agency, it is therefore immune from suit"). Further, as the Sixth Circuit has explained, the Adult Parole Authority "is

undisputedly a state agency, so the Eleventh Amendment indeed bars … claims against the Authority." *Holson*, 579 F. App'x at 364. Because the Ohio Parole Board is a section within the Adult Parole Authority, it too is a state agency immune from relief. *Mockbee v. Scioto Cty. Adult Parole Auth.*, No. 1:17-cv-254, 2017 WL 2222322, at *3 (S.D. Ohio May 22, 2017) (citing O.R.C. § 5149.02).

Neither the State of Ohio nor its agencies have waived their Eleventh Amendment immunity for purposes of suits like this one, and the exceptions to immunity do not apply. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Because the State of Ohio, the ORDC, the Adult Parole Authority, and the Ohio Parole Board are immune from suit in this case, Plaintiff claims must be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. (Doc 1). Further, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Consequently, it is also **RECOMMENDED** that Plaintiff's Motion for Leave to Exceed Allotted Discovery be **DENIED** as **MOOT**. (Doc. 6).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal....") (citation omitted).

IT IS SO ORDERED.

Date: March 15, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE