UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LASHAWN R. PETTUS-BROWN

        Plaintiff,

    v.

JIMMY PHELPS, et al.

        Defendants.

Civil Action 2:18-cv-082
Judge George C. Smith
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 24), Second Renewed Motion for Leave of Court to Exceed Allotted Discovery (Doc. 23), and Motion to Compel Response to Discovery Request (Doc. 33). For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 24) be **DENIED**. Plaintiff's Second Renewed Motion for Leave of Court to Exceed Allotted Discovery (Doc. 23) is **DENIED without prejudice**. Plaintiff's Motion to Compel Response to Discovery Request (Doc. 33) is **DENIED as moot**.

## I. EMEGENCY MOTION FOR PRELIMINARY INJUNCTION (Doc. 24)

   A. Background

Plaintiff is currently incarcerated in Franklin Medical Center for various state convictions for forgery and theft. (Doc. 29, Ex. 5). Over the past 15 years, he has been incarcerated on multiple occasions and, after each term of incarceration, subject to the State of Ohio's system of community control and/or post-release control. (*See generally* Doc. 29). On each of those occasions, he has violated the terms of either his community control or his post-release control

and been re-incarcerated. (*See id.*). He is now challenging the constitutionality of the State of Ohio's post-release control statute. (*See generally* Doc. 11).

Post-release control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment that includes one or more post-release control sanctions imposed under section 2967.28 of the Revised Code." O.R.C. § 2967.01(N). "The Parole Board has significant discretion to impose conditions of release designed to protect the public and to promote the releasee's successful reintegration into the community." *Woods v. Telb*, 733 N.E.2d 1103, 1107 (Ohio 2000) (citing Ohio Adm. Code 5120:1–1–17(A)).

> R.C. 2967.28(D) sets forth the factors that the APA considers in determining whether to impose a period of post-release control for those within its discretionary control and, if so, what conditions will be made for the post-release control. In making the decision whether to impose a period of post-release control, the APA considers such things as the offender's criminal history, all juvenile court adjudications finding the offender, while a juvenile, to be a delinquent child, and the record of the offender's conduct while imprisoned. R.C. 2967.28(D). After considering those materials, the board shall determine whether a post-release control sanction is necessary and, if so, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances. R.C. 2967.28(D).
>
> Post-release control does have some significant restrictions. For example, the post-release control statute provides that "[w]hen appropriate, the board may impose as a post-release control sanction a residential sanction that includes a prison term. * * * The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this section shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence. The period of a prison term that is imposed as a post-release control sanction under this division shall not count as, or be credited toward, the remaining period of post-release control." R.C. 2967.28(F)(3).

*Id.* at 1107–08.

On January 31, 2018, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 1). The undersigned subsequently granted Plaintiff's Motion and, after review of the

2

Complaint, issued a Report and Recommendation (Doc. 8) on March 15, 2018, recommending that the Complaint be dismissed.

Plaintiff then submitted an Amended Complaint (Doc. 11) on April 13, 2018. In his Amended Complaint, Plaintiff alleges that Ohio's post-release control statute, O.R.C. § 2967.28, is unconstitutional because it permits the executive branch "to impose a second/new prison term on releasees (those released from prison) for the same criminal offense from which the releasee has already completed the judicially imposed definite prison sentence." (Doc. 11, ¶ 1). In Plaintiff's view, the post-release control statute "is unconstitutional as the statute is a Bill of Attainder; violates both the Double Jeopardy and Due Process Clauses; and violates the Separation of Power Doctrine," all "in violation of the Constitution of the United States of America." (*Id.*, ¶¶ 39–40; *see also id.*, ¶¶ 61–81).

On August 28, 2018, Plaintiff filed his Emergency Motion for Preliminary Injunction (Doc. 24). In his Motion, Plaintiff requests that the Court enter an injunction prohibiting Defendants from "imposing any prison/jail sentences pursuant to Ohio Revised Code (O.R.C.) 2967.28." (*Id.* at 1). Defendants filed their Response (Doc. 30) on September 24, 2018, and Plaintiff filed his Reply (Doc. 32) on October 5, 2018. The Motion is now ripe for resolution.

    **B.**    **Standard of Review**

When considering a motion for preliminary injunction, a district court must balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (citation and internal quotation marks omitted). "These

factors are not prerequisites but instead must be balanced." *Capobianco v. Summers*, 377 F.3d 559, 561 (6th Cir. 2004) (citing *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1480 (6th Cir. 1995)). Ultimately, "[a] preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

**C.     Analysis**

While Plaintiff's criminal history is notable,[1] his arguments in support of his request for preliminary injunction are less than novel. Indeed, Plaintiff is the latest in a long line of state prisoners to challenge Ohio's post-release control statute. Consequently, and foremost, Plaintiff has not demonstrated a strong likelihood of success on the merits because state and federal courts have considered and consistently rejected Plaintiff's Due Process and Double Jeopardy arguments. Likewise, basic principles of constitutional law demonstrate that his Bill of Attainder and Separation of Powers arguments are similarly without merit. Second, Plaintiff has not shown that he will suffer irreparable harm absent an injunction. The available information indicates that Plaintiff is not at imminent risk of being subject to post-release control. Third, granting an injunction would be contrary to the legitimate interest of the State of Ohio and the public in the enforcement of a constitutionally valid statute. As such, the balance of the preliminary injunction factors weighs against the issuance of an injunction here.

1. <u>Likelihood of Success on the Merits</u>

Plaintiff contends that he has demonstrated a strong likelihood of success on the merits based on his complaint, which shows that "multiple and various Ohio courts have expressly ruled

---

[1] *See Cincinnati con man now a convict*, CINCINNATI ENQUIRER (Mar. 15, 2014), https://www.cincinnati.com/story/news/crime/oh%20crime/2014/03/15/cincinnati-con-man-now-convict/6475541/.

that O.R.C. 2967.28 is unconstitutional." (Doc. 24 at 3–4. *See also* Doc. 32 at 10–12 (developing Bill of Attainder, Due Process, and Double Jeopardy arguments)).

Defendants offer a number of arguments in response. First, they argue that § 1983 is an improver vehicle to challenge a state law sentence. (Doc. 30 at 4–5). Second, Defendants contend that Plaintiff's claims are barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 5–6). Third, they assert that Plaintiff lacks standing to challenge the post-release control statute because he is currently incarcerated and not under post-release control supervision. (*Id.* at 6–8). Fourth, Defendants maintain that they are immune from any state law claims. (*Id.* at 8–10). Fifth, they allege that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (*Id.* at 10–11). Finally, Defendants insist that Plaintiff's claims fail on the merits. (*Id.* at 11–19).

To establish a strong likelihood of success on the merits, the movant must demonstrate "more than a mere possibility" of success. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This requires, "at a minimum," a movant to show "serious questions going to the merits." *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 221 (6th Cir. 2016) (citation and internal quotation marks omitted). "When a party seeks a preliminary injunction on the basis of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor." *Schimmel*, 751 F.3d at 430 (citation and internal quotation marks omitted).

Plaintiff has failed to satisfy that standard. Even assuming that Plaintiff could overcome the technical defenses raised by Defendants, (*see* Doc. 30 at 4–11), his merits arguments do not appear to raise serious questions regarding the constitutionality of Ohio's post-release control statute. Courts have consistently rejected the Due Process and the Double Jeopardy arguments made by Plaintiff. *See, e.g.*, *Rettig v. Jefferys*, 557 F. Supp. 2d 830, 841–42 (N.D. Ohio 2008) (rejecting habeas challenge to the post-release control statute and recognizing that "[t]he Ohio Supreme Court has found that the statute does not violate the Due Process Clause of the United

5

States Constitution. . . . The state high court has also found that the statute does not violate the Double Jeopardy Clause of the United States Constitution." (internal citations omitted)); *State v. Martello*, 780 N.E.2d 250, 255 (Ohio 2002) (holding that the post-release control statute "does not violate the Double Jeopardy Clause of the United States or Ohio Constitution."); *Woods v. Telb*, 733 N.E.2d 1103, paragraph one of the syllabus (Ohio 2000) ("R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions.").

Plaintiff's Bill of Attainder and Separation of Powers arguments fare no better. A bill of attainder is a "law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Selective Serv. Sys. v. Minnesota Pub. Interest Research Grp.*, 468 U.S. 841, 846–47 (1984) (internal quotation marks omitted). "The proscription against bills of attainder reaches only statutes that inflict punishment on the specified individual or group." *Id.* at 851.

Under O.R.C. § 2967.28, a court, not the legislature, imposes post-release control. *See Martello*, 780 N.E.2d at 257 ("[P]ost-release control is part of the original judicially imposed sentence." (citation and internal quotation marks omitted)). Moreover, Plaintiff has not presented any evidence that the post-release control statute inflicts punishment "on a specified individual or group." *Minnesota Pub. Interest Research Grp.*, 468 U.S. at 451. Plaintiff has therefore not shown a strong likelihood of success on his Bill of Attainder argument.

Nor has he shown a strong likelihood of success on his Separation of Powers argument. Plaintiff's Separation of Powers argument is based on the United States Constitution, but "the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments." *Sweezy v. New Hampshire*, 354 U.S. 234, 254 (1957). *See also Dreyer v.*

6

*Illinois*, 187 U.S. 71, 84 (1902) ("Whether the legislative, executive and judicial powers of a State shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the State."). Therefore, Ohio's post-release control statute does not implicate Separation of Powers concerns under the federal Constitution. *Accord Johnson v. Voinovich*, 49 F. App'x 1, 2 (6th Cir. 2002) (finding Ohio statutes allegedly giving parole authority power to "legislate policies, execute those policies, and adjudicate whether its execution was correct . . . did not implicate federal separation of powers principles." (citing *Sweezy*, 354 U.S. at 254)); *Gozy v. Newland*, 52 F. App'x 920 (9th Cir. 2002) (noting that plaintiff "contends that the Board violates the state and federal doctrine of separation of powers by setting parole release dates because it is determining terms of imprisonment, a judicial function. This claim is not cognizable because the federal doctrine of separation of powers does not extend to the states under the Fourteenth Amendment.").

Plaintiff's failure to demonstrate a strong likelihood of success on the merits weighs heavily against the issuance of an injunction. *See Schimmel*, 751 F.3d at 430 ("When a party seeks a preliminary injunction on the basis of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor." (citation and internal quotation marks omitted)).

### 2. Irreparable Harm

To satisfy the irreparable harm standard, Plaintiff must show that, absent an injunction, he will suffer "actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (internal quotation

7

marks omitted) (collecting cases). Plaintiff will be incarcerated for at least two more years: Although he may be statutorily eligible for early release on November 13, 2020, his current term of incarceration is scheduled to expire on November 12, 2021.[2] As a result, any harm that Plaintiff would suffer from the enforcement of O.R.C. § 2967.28 is not imminent. Plaintiff has therefore failed to demonstrate that he would suffer irreparable harm absent an injunction.

### 3. Substantial Harm to Others

Conversely, if the Court were to issue an injunction, the harm to the Defendants and the State of Ohio is clear: "Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (citation, internal quotation marks, and alteration omitted). That is particularly true here given that the undersigned has concluded Plaintiff's constitutional challenges to Ohio's post-release control statute are not likely to succeed on the merits. This factor weighs against the issuance of a preliminary injunction.

### 4. Public Interest

Finally, the public has a legitimate interest in the enforcement of constitutionally valid laws. *See Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) ("With respect to the fourth factor, the public interest lies in a correct application of the federal constitutional and statutory provisions upon which the claimants have brought this claim, and ultimately (in view of our interpretation of those provisions) upon the will of the people of Michigan being effected in accordance with Michigan law." (internal citation and quotation marks omitted)). Having concluded that Plaintiff has failed to show a strong likelihood of success on the merits of his challenge to O.R.C. § 2967.28, and that the post-release control

---

[2] *See* Offender Details for La Shawn Pettus, Ohio Department of Rehabilitation and Correction Offender Search, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A740801 (last visited November 6, 2018).

8

statute is therefore likely constitutional, this factor also weighs against the issuance of a preliminary injunction.

### D. Conclusion

Balancing the factors against one another, the undersigned concludes that they weigh against the issuance of a preliminary injunction. Therefore, the undersigned **RECOMMENDS** that Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 24) be **DENIED.**

## II. SECOND RENEWED MOTION FOR LEAVE OF COURT TO EXCEED ALLOTTED DISCOVERY (Doc. 23)

In his Second Renewed Motion for Leave of Court to Exceed Allotted Discovery, Plaintiff requests that the Court grant him leave to serve 50 interrogatories and 80 requests for admission. (Doc. 23 at 2). According to Plaintiff, his ability to conduct depositions will be severely limited by his incarceration. (*Id.* at 1). To make up for his limited ability to conduct depositions, Plaintiff proposes allowing him to propound additional interrogatories and requests for admission. (*Id.* at 1–2). Defendants did not file a response to Plaintiff's Second Renewed Motion.

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "[N]o party shall serve more than forty requests for admission (including all subparts) upon any other party." S.D. Ohio Civ. R. 36.1. District courts have broad discretion to determine the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(2) (detailing courts' ability to limit the frequency and extent of discovery); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) ("The scope of discovery is, of course, within the broad discretion of the trial court." (citation and internal quotation marks omitted)). The Court "must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is

unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

To determine whether a party should be permitted to serve additional discovery requests, "the Court looks to whether the benefits of the expansion outweighs the burden of the extra discovery." *Martin v. Posey*, No. 2:15-CV-2294, 2017 WL 412876, at *4 (S.D. Ohio Jan. 31, 2017). A party requesting leave to serve additional discovery requests must make a "particularized showing" to establish a need for those additional requests. *St. Ann v. McLean*, No. 5:15-CV-11770, 2017 WL 5732991, at *2 (E.D. Mich. Nov. 28, 2017) (collecting cases). This generally requires the requesting party to submit the proposed additional requests to the district court for review. *See, e.g.*, *id.* ("[S]ignificant to the Court's analysis is the fact that Plaintiff has not presented to the Court the number of interrogatories he wishes to propound nor the content of those interrogatories. Accordingly, the Court is not in a position to determine that the requested information is necessary to prove Plaintiff's claims."); *Martin*, 2017 WL 412876, at *4 ("Here, Mr. Martin has already served forty requests for admission. He has neither provided a copy of the additional requests he wishes to serve for the Court's review nor otherwise demonstrated how these additional requests are pertinent to his claim.").

At this early stage of the case, Plaintiff has not demonstrated that the benefits of the additional discovery would outweigh the burden imposed on Defendants. Indeed, the Court is unable to evaluate Plaintiff's arguments because he has not provided the Court with any of the additional discovery he seeks to serve. As a result, "[t]he Court is not in a position to determine that the requested information is necessary to prove Plaintiff's claims." *McLean*, 2017 WL 5732991, at *2. Plaintiff, therefore, has not made the particularized showing necessary to grant his request. The Court will deny his Second Renewed Motion without prejudice.

To limit the need for further motion practice on this issue, the Court offers several observations. First, this case involves a constitutional challenge to O.R.C. § 2967.28. While the parties appear to have significant disagreements over the legal issues in this case, the material facts do not appear to be in dispute. The Court is therefore skeptical that discovery beyond that provided for in the Federal Rules of Civil Procedure and the Local Rules is necessary.

Second, to the extent that Plaintiff has requested leave to serve additional requests for admission, the Court notes that "[r]equests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Khami v. Ortho-McNeil-Janssen Pharm., Inc.*, 2011 WL 996781 at *2 (E.D. Mich. 2011) (citing *Misco*, 784 F.2d at 205). Therefore, "[r]equests for admission may relate to [facts and] the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (citation omitted). Plaintiff should be mindful of this standard when considering the need for additional requests for admission.

Finally, the Court recognizes that Plaintiff is free to proceed with discovery in a manner he chooses so long as it is consistent with the Federal Rules of Civil Procedure and Local Rules. The Court, nonetheless, suggests that Plaintiff do his best to complete discovery using the number of requests for admission and interrogatories provided for in the Federal Rules of Civil Procedure and the Local Rules. In the event that Plaintiff believes additional discovery is necessary, he is free to file a renewed motion, which should make a particularized showing of why the additional discovery is necessary. If Plaintiff chooses to file such a motion, he should

attach (i) the requests for admission and interrogatories that he has already served on Defendants and (ii) the additional discovery requests he seeks leave to serve on Defendants.

## III. MOTION TO COMPEL RESPONSE TO DISCOVERY REQUESTS (Doc. 33)

Plaintiff's Motion to Compel Response to Discovery Requests concerns a dispute over Defendants' alleged failure to respond to certain interrogatories. In Plaintiff's version of events, he served Defendants with a set of interrogatories to which they failed to respond in a timely fashion. (*See generally* Doc. 33). In Defendants' version of events, Plaintiff improperly served his interrogatories on Defendants and then failed to exhaust extrajudicial means of resolving the dispute. (*See generally* Docs. 34, 35).

Defendants served their answers to Plaintiff's interrogatories on November 2, 2018. (Doc. 34 at 1). Plaintiff has withdrawn his motion. (Doc. 37 at 2). Plaintiff's Motion to Compel is therefore **DENIED as moot**.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 24) be **DENIED**. Plaintiff's Second Renewed Motion for Leave of Court to Exceed Allotted Discovery (Doc. 23) is **DENIED without prejudice**. Plaintiff's Motion to Compel Response to Discovery Request (Doc. 33) is **DENIED as moot**.

### Procedure on Objections

If any party objects to this Order and Report and Recommendation, that party may, within fourteen (14) days of the date of this Report file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*.  Failure to object to the Report and Recommendation will result in a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  November 14, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE