## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LA SHAWN PETTUS-BROWN,**

> **Plaintiff,**

|  |  |
|---|---|
| **v.** | **Civil Action 2:18-cv-82** |
|  | **Judge George C. Smith** |
|  | **Magistrate Judge Jolson** |

**ADULT PAROLE AUTHORITY, et al.,**

> **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 40) and Plaintiff's Request for Judicial Notice of Adjudicative Facts (Doc. 47). For the reasons that follow, Plaintiff's Request (Doc. 47) is **GRANTED**. It is Recommended that the Court **GRANT** Defendants' Motion (Doc. 40) and **DISMISS without prejudice** Plaintiff's Amended Complaint.

## I.      BACKGROUND

The relevant background was previously summarized in the November 14, 2018 Report and Recommendation and Order (Doc. 38 at 1–3). After being convicted on numerous counts of theft and forgery in the Hamilton County Court of Common Pleas, on December 18, 2017, the trial court sentenced Plaintiff to a five-year term of incarceration and up to three years of post-release control after the conclusion of his term of imprisonment. (Doc. 29 at 1–4).[1]

Plaintiff's Amended Complaint (Doc. 11) challenges the constitutionality of Ohio's post-

---

[1] The parties request that the Court take judicial notice that Plaintiff's current sentence does not include a term of imprisonment based on a post-release control violation. (*See* Docs. 47, 54). The Court takes judicial notice of this fact because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and is therefore "not subject to reasonable dispute." Fed. R. Evid. 201.

release control statute and requests declaratory and injunctive relief. His § 1983 claim alleges that statute is unconstitutional because it permits the executive branch "to impose a second/new prison term on releasees (those released from prison) for the same criminal offense from which the releasee has already completed the judicially imposed definite prison sentence." (*Id.*, ¶ 1). In Plaintiff's view, the post-release control statute "is unconstitutional as the statute is a Bill of Attainder; violates both the Double Jeopardy and Due Process Clauses; and violates the Separation of Power Doctrine," all "in violation of the Constitution of the United States of America." (*Id.*, ¶¶ 39–40; *see also id.*, ¶¶ 61–81).[2]

Defendants filed a Motion for Judgment on the Pleadings (Doc. 40) on November 21, 2018. Plaintiff filed his Request for Judicial Notice of Adjudicative Facts (Doc. 47) on December 13, 2018. Both motions are now ripe for resolution.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Williamson v. Recovery Ltd. P'ship,* No. 2:06-CV-292, 2010 WL 3769136, at *2 (S.D. Ohio Sept. 24, 2010) (citations omitted).

In examining a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). Accordingly, the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual

---

[2] Plaintiff has voluntarily dismissed his separation of powers claim. (*See* Doc. 48 at 31 ("Pettus-Brown voluntarily concedes to the dismissal of Count IV – Separation of Powers")).

allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop*, 520 F.3d at 519 (internal quotation marks omitted). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.   ANALYSIS

Defendants move for judgment on the pleadings on a number of grounds: (1) Plaintiff failed to allege that Defendants individual conduct harmed him; (2) Plaintiff lacks standing to bring his claims; (3) claims against Defendants in their official capacity are barred by the Eleventh Amendment; (4) Plaintiff cannot bring his claims under § 1983; (5) *Younger* abstention prevents the Court from ruling on Plaintiff's claims; (6) Plaintiff's separation of powers is non-cognizable in § 1983; and (7) separation of power Plaintiff fails to state a claim upon which relief may be granted. (Doc. 40 at 3–29). Defendants also contend that Plaintiff's claims are moot. (Doc. 54 at 4–6).

Beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Thus, a prisoner was prohibited from seeking relief under § 1983 where the result would "necessarily

imply the invalidity of [the] conviction or sentence." *Heck v. Humphey*, 512 U.S. 477, 487 (1994).

The line of cases starting with *Preiser*:

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Dotson*, 544 U.S. at 81–82.

Plaintiff is currently serving a sentence that includes a term of post-release control. (*See* Doc. 29 at 4). He now brings a § 1983 action seeking to have Ohio's post-release control statute declared unconstitutional. (*See generally* Doc. 11). The upshot is that a ruling in his favor would necessarily invalidate a portion of his sentence. *Heck* does not permit this. *See* 512 U.S. at 487; *see also Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) ("*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)); *Hurst v. Pribe*, No. 2:14-CV-2552, 2016 WL 1444241, at *3–4 (S.D. Ohio Apr. 13, 2016) (adopting Magistrate Judge's Report and Recommendation and finding that § 1983 claims challenging plaintiff's terms of post-release control were barred by *Heck*); *Mate v. Ohio Rehab. & Corr.*, No. 2:12-CV-834, 2012 WL 5269193, at *2–3 (S.D. Ohio Oct. 24, 2012) (adopting Magistrate Judge's Report and Recommendation and finding that § 1983 claims challenging plaintiff's sentence to post-release control and his subsequent incarceration for violation of the same were barred by *Heck*). This is true even though Plaintiff seeks declaratory and injunctive relief. *See Dotson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred . . . *no matter the relief sought* (damages or equitable relief), . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis added)); *Ramzan*

*v. Hares*, No. 2:18-CV-219, 2019 WL 580797, at *3 (W.D. Mich. Feb. 13, 2019) (collecting cases) ("The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.").

Plaintiff insists that he is not challenging his current sentence or his underlying conviction. (*See, e.g.*, Doc. 48 at 3 ("Pettus-Brown *is not* challenging a state conviction; and Pettus-Brown *is not* challenging the imposition of PRC."); *id.* at 5 ("Pettus-Brown's current incarceration on Case# B1605805 has no relevance to the instant action before this Honorable Court regarding the constitutionality of PRC."); *id.* ("The mere inclusion of another case, and Pettus-Brown's current incarceration, by the Defendants in their pleadings is an attempt by the defense to clutter Pettus-Brown's argument in this action, as Case# Bl605805 [the case resulting in his current conviction and sentence] was *never* mentioned nor presented by Pettus-Brown in his Amended Complaint . . . This instant federal action is not pertaining to Pettus-Brown's current incarceration for state Case# Bl605805 as it is currently under review by the Ohio Court of Appeals for the First District (Cl 700712) . . . Pettus-Brown *is not* challenging a state conviction; he *is not* challenging the imposition of post-release control (PRC)."); *id.* at 19 ("Despite the Defendants' attempt to reshape this civil action, Pettus-Brown *is not* challenging a state conviction in this action; *nor* is Pettus-Brown currently incarcerated as a result of PRC.")). But repeating a factual assertion does not make it true. Plaintiff's current sentence includes a term of up to three years of post-release control, and a finding that Ohio's post-release control statute is unconstitutional would necessarily invalidate that portion of Plaintiff's sentence. The Court, therefore, cannot grant Plaintiff relief.

> Courts in this circuit have held that when a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on

the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated.

*Brown v. City of Columbus*, No. 2:18-CV-521, 2018 WL 3105766, at *3 (S.D. Ohio June 25, 2018), report and recommendation adopted, No. 2:18-CV-521, 2018 WL 4654693 (S.D. Ohio Sept. 27, 2018) (citations, internal quotation marks, and alteration omitted) (collecting cases). It is, therefore, recommended that the Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Request (Doc. 47) is **GRANTED**. It is **RECOMMENDED** that the Court **GRANT** Defendants' Motion (Doc. 40) and **DISMISS without prejudice** Plaintiff's Amended Complaint.

### Procedure on Objections

If any party objects to this Order and Report and Recommendation, that party may, within fourteen (14) days of the date of this Report file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*. Failure to object to the Report and Recommendation will result in a waiver of the right to appeal the decision of the District Court adopting the Report and

Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   April 2, 2019                              /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE